UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. SEALE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>FELIX M. VASQUEZ, Warden, Wasco State Prison,<br><br>　　　　Respondent. | No. 1:16-cv-00909-SKO HC<br><br>**ORDER DISMISSING CASE FOR FAILURE TO EXHAUST** |

### Screening Order

Petitioner David M. Seale is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Because Petitioner has not yet exhausted his California state remedies, the Court must dismiss the petition.

**I.     Preliminary Screening**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing 2254 Cases; *see also Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave to be granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

**II.    Procedural and Factual Background**

According to his petition, in Kern County Superior Court on May 3, 2016, Petitioner pleaded no contest to a charge of corporal injury to his spouse (Cal. Penal Code § 273.5(9)), and

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), Petitioner consented, in writing, to the jurisdiction of a United States Magistrate Judge to conduct all further proceedings in this case, including the entry of final judgment.

1

was sentenced to two years in prison. The petition includes a copy of an unfiled California state notice of appeal dated June 14, 2016.

### III.     Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a federal petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992). The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

Petitioner does not contend that he has presented his claims to the California Supreme Court or to any other California state court. Although non-exhaustion of state court remedies has been viewed as an affirmative defense, it is the petitioner's burden to prove that state judicial remedies were properly exhausted. 28 U.S.C. § 2254(b)(1)(A); *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds in Fay v. Noia*, 372 U.S. 391 (1963);

*Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981). If available state court remedies have not been exhausted as to all claims, a district court must dismiss a petition.[2] *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). *See also Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *Jiminez v. Rice* 276 F.3d 478, 481 (9th Cir. 2001) (both holding that when none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition).

## VIII.   Certificate of Appealability

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B)  the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

---

[2] This order dismisses the petition without prejudice. "Without prejudice" means that Petitioner may file a new federal petition for writ of habeas corpus after he has exhausted his state remedies if seeking federal habeas relief is still appropriate at that time.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

Reasonable jurists would not find the Court's determination that Petitioner did not exhaust his state remedies debatable or wrong, or the petition deserving of encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability.

### III. Conclusion and Order

Accordingly, it is hereby ORDERED:

(1) The petition for writ of habeas corpus is DISMISSED without prejudice;

(2) The Court declines to issue a certificate of appealability; and

(3) The Clerk of Court is directed to enter judgment for Respondent and close the case.

IT IS SO ORDERED.

Dated: **July 19, 2016**                    /s/ *Sheila K. Oberto*
                                            UNITED STATES MAGISTRATE JUDGE